UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UN4 PRODUCTIONS, INC.,

    Plaintiff,

v.

LIBAN HARO, *et al.*,

    Defendants.

Case No. C17-0892RSL

ORDER REGARDING SERVICE BY MAIL

This matter comes before the Court on plaintiff's "Motion to Permit Alternative Mail Service or for Additional Time to Attempt Process Service." Dkt. # 27. Plaintiff has not served two of the named defendants, and the 90 day deadline for service expired on September 7, 2017. Plaintiff filed this motion seeking leave to serve Anita Torres and Andrei Saar by mail or, in the alternative, for an extension of time in which to serve.

**A. Service by Mail**

Federal Rule of Procedure 4(e)(1) allows plaintiff to effect service "pursuant to the law of the state in which the district is located." Washington law authorizes service by mail upon a showing that (a) defendant has made reasonably diligent efforts at personal service (Rodriguez v. James-Jackson, 127 Wn. App. 139, 140 (2005)), and (b) defendant resides in the state but has concealed herself in order to avoid service of process (RCW 4.28.100(4)). Plaintiff has made multiple unsuccessful attempts to personally serve defendants Torres and Saar. Lack of success in personal service does not necessarily justify service by mail, however. The facts regarding Torres and Saar vary and must be

ORDER REGARDING SERVICE BY MAIL - 1

considered separately.

With regards to Saar, there is evidence that the named defendant resides at, or is associated with, the address used by the process server. The third-party server reported that the call box at the address goes to Saar's voicemail and that a neighbor confirmed that defendant lived at the address. The server reported that someone was inside the residence but refused to answer the door. In addition, the server left a message to which Saar apparently declined to respond. All of the prerequisites for allowing service by mail are therefore satisfied as to defendant Saar, and there is reason to believe that service by mail will effectively notify defendant of the claims against him.

With regards to defendant Torres, however, there is no indication that the address used by the process server is, in fact, connected to defendant. In its motion, plaintiff states that the address has been confirmed by the ISP "and/or investigative databases," citing counsel's declaration as support. Dkt. # 19 at 2. The declaration is silent regarding what information was provided by the ISP and what investigation was done to confirm that the defendant could be found at the specified address. Nor is there anything in the process server's notes that ties Torres to the address used: there are apparently no names on the residence and no neighbors or inhabitants confirmed Torres' residence. Although vehicle license plate numbers are recorded, there is no evidence that they are linked to the named defendant. Even if the Court assumes that the ISP provided the address listed on the summons, the information was provided in relation to internet usage in May 2017, four months ago. Absent some evidence from which one could reasonably conclude that the defendant currently resides at, or is associated with, the address used by the process server,[1] the Court cannot conclude that plaintiff's efforts were reasonable or that Torres is

---

[1] In another case filed by plaintiff, at least three of the named defendants had moved and were no longer found at the address provided by the ISP by the time personal service was attempted.

ORDER REGARDING SERVICE BY MAIL - 2

concealing herself. Nor will the Court assume that service by mail will effectively notify Torres of this lawsuit. The motion for leave to serve by mail is therefore DENIED.

**B. Extension of Service Deadline**

It can be challenging to meet the 90 day service deadline in BitTorrent cases where plaintiff must first conduct discovery from the ISP before it can identify, name, and serve the defendant. It can be done, however, and the Court has repeatedly indicated that it expects at least a good faith effort to comply with the service deadline. In this case, the motion for leave to conduct expedited discovery was granted in a timely manner, and plaintiff has not indicated that there was any delay in the ISP's response. As the Court has previously noted, in these circumstances, an extension of time should be necessary only if a defendant failed to waive or was dodging service.

Plaintiff asserts that Torres "elected not to return the request for waiver" of service under Fed. R. Civ. P. 4(d). Dkt. # 27 at 1. There is no evidence that a waiver was ever sent, however, much less that it was sent in a timely manner. The only evidence of attempted service in the record shows that plaintiff engaged a process server thirteen days before the deadline for service. Plaintiff has not shown good cause for an extension of time.

//

//

//

//

1       For all of the foregoing reasons, plaintiff's request for permission to serve defendant Saar by mail is GRANTED. The request to serve defendant Torres by mail and the alternative request for an extension of the service deadline are DENIED. The claims against Anita Torres are hereby DISMISSED.

      Dated this 21st day of September, 2017.

*signature*

Robert S. Lasnik
United States District Judge